UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BOWMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>J. LOPEZ,<br><br>        Defendant | Case No.1:14 cv 01840 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>OBJECTIONS DUE IN TWENTY DAYS |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On November 24, 2014, an order was entered, severing this action and directing Plaintiff to file an amended complaint. Plaintiff was specifically cautioned that his failure to comply would result in dismissal for failure to obey a court order. Plaintiff has not filed a response to the November 24, 2014, order.[1]

---

[1] On November 24, 2014, the Court served the order on Plaintiff at Kern Valley State Prison Corcoran, where Plaintiff was formerly incarcerated. (ECF No. 2). On December 8, 2014, the order was returned by the U.S. Postal Service as undeliverable. Local Rule 183(b) requires Plaintiff to keep the Court informed of his address.

1

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 f.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v.King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address(; Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury

arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on the merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.

　　　　Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to obey a court order.

　　　　These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S. C. § 636(b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1988).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

　　　　IT IS SO ORDERED.

　　　　Dated:   **January 16, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE